IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| EVANS & GREEN, LLP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-3340-CV-S-ODS |
| ) | |
| THAT'S GREAT NEWS, LLC, and ) | |
| ROBERT R. ROSCOE, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Pending is Plaintiff's Motion for Class Certification (Doc. # 38). For the reasons set forth below, the motion is denied.

### I. BACKGROUND

Plaintiff Evans & Green, LLP, a Missouri law firm, filed a class action petition on July 28, 2011, in the Circuit Court of Greene County, Missouri. Defendant That's Great News, LLC is a Connecticut limited liability company and Defendant Robert R. Roscoe is an individual residing in the State of Connecticut. In its Complaint, Plaintiff alleged Defendants sent unsolicited facsimile advertisements to Plaintiff and others between July 25, 2007, and July 25, 2011, in violation of the Telephone Consumer Protection Act, 47 U.S.C.§ 227 ("TCPA"). The TCPA provides that "[i]t shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). The TCPA does not prohibit the sending of unsolicited facsimiles to a recipient who has an "established business relationship" with the sender. *Missouri ex rel. Nixon v. American Blast Fax, Inc.*, 323 F.3d 649, 657 (8th Cir. 2003). A person

may recover actual monetary loss for each TCPA violation, or $500, whichever is greater. 47 U.S.C. § 227(b)(3)(B).  Of the alleged 105,826 facsimiles Defendant sent during March 2010, three were received by Plaintiff.

Defendants removed the case to federal court on September 12, 2011. Defendants' attorney withdrew from representation on April 30, 2012.  In its Order granting counsel leave to withdraw (Doc. #34), this Court noted that an entity like That's Great News can only appear in federal court through licensed counsel, and failure to substitute counsel by May 30, 2012, would result in default judgment being entered.  On June 1, 2012, this Court entered an order finding Defendant That's Great News, LCC in default (Doc. #35).

Plaintiff now requests that the action be certified as a class action pursuant to Rule 23.  Plaintiff's proposed class definition is "all persons to whom Defendants or Defendants' agents sent one or more facsimiles promoting Defendants' promotional products or services during the month of March 2010."  Further, Plaintiff requests the Court to appoint Evans & Green, LLP as class representative and Noah K. Wood of the Wood Law Firm, LLC as lead class counsel.

## II. STANDARD

In order to maintain a class action, Plaintiff must satisfy four prerequisites, all of which are set forth in Rule 23(a):

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Upon satisfying these four prerequisites, Plaintiff must demonstrate that its claims qualify under one of the three subparts of Rule 23(b).  *Janson v. LegalZoom.com, Inc.*, 271

2

F.R.D. 506, 509 (W.D. Mo. 2010). Plaintiff seeks certification pursuant to 23(b)(2) or 23(b)(3). Certification under Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Rule 23(b)(3) authorizes certification when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Factors to consider under 23(b)(3) include, but are not limited to:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed R. Civ. P. 23(b)(3)(A)-(D).

Plaintiffs bear the burden of showing that the Rule 23 requirements are met and that the class should be certified. *Id.* (citing *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994)). Certification of a class is within the sound discretion of the trial court. *Bennett v. Nucor Corp.*, 656 F.3d 802, 814 (8th Cir. 2011). The Court is required to conduct a "rigorous analysis" that entails looking behind the pleadings and ascertaining the nature of Plaintiffs' claims as well as the nature of the evidence. The Court is not permitted to resolve the merits, but "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011); *see also Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir. 2006).

## III. DISCUSSION

### A. Rule 23(a) factors are satisfied

*1. Numerosity*

Plaintiff asserts that numerosity is established because the class is composed of the recipients of the 105,826 facsimiles transmitted by Defendants in March 2010. In response, Defendant Roscoe argues that none of the recipients in the proposed class have been or can be identified or contacted. Defendant's Suggestions in Opposition (Doc. 40) at 5. Plaintiff admits that it does not know the precise number or individual identities of class members. Plaintiff's Reply Suggestions in Support (Doc. # 41) at 2.

In addressing the numerosity requirement, "the Court should examine the number of persons in a proposed class, the nature of the action, the size of the individual claims and the inconvenience of trying individual claims, as well as other factors." *Doran v. Missouri Dep't of Social Services*, 251 F.R.D. 401, 404 (W.D. Mo. 2008) (citing *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982)).

Here, Plaintiff provides evidence that Defendants sent 105,826 faxes during the month of March 2010, but does not provide a source from which Defendants obtained the fax numbers, nor any other facts suggesting that a certain number or percentage received an unsolicited fax. There is also no indication as to whether any recipients had an established business relationship with Defendants. However, assuming that Plaintiff's allegations are true—that Defendant sent 105,826 facsimiles in March of 2010—and assuming for the purposes of this Order, that a mere one percent of those facsimiles were unsolicited, the class meets the numerosity requirement. *Hammer v. JP's Southwestern Foods, L.L.C.*, 267 F.R.D. 284, 287 (W.D. Mo. 2010) (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, Vol. 1, § 3.05 (4th ed. 2002)) ("It has been consistently held that joinder is impracticable where the class is composed of more than 40 persons."); *see also Bradford v. AGCO Corp.*, 187 F.R.D. 600, 604 (W.D. Mo. 1999) (certifying class of between 20 and 65).

*2. Commonality*

"The commonality requirement of Rule 23(a)(2) is satisfied when the legal question 'linking the class members is substantially related to the resolution of the litigation.'" *Doran*, 251 F.R.D. at 404 (quoting *Paxon*, 688 F.2d at 561). Here, Plaintiff alleges that it and the proposed class share common questions of law and fact, namely: (1) whether Defendants or Defendants' agents sent any unsolicited facsimiles; (2) whether Defendants' facsimiles were advertisements as defined by TCPA; (3) whether Defendants' conduct as alleged in Plaintiff's Complaint violated the TCPA; and (4) whether Plaintiff and the Class are entitled to statutory damages under the TCPA. The Court agrees and finds that the commonality requirement is satisfied.

*3. Typicality*

The third requirement of Rule 23(a) requires that the proposed class representatives present claims that are "typical" of other class members. "[C]lass representatives should have the same interests and seek a remedy for the same injuries as other class members." *Hammer*, 267 F.R.D. at 288 (citing *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). "The burden is 'easily met so long as other class members have claims similar to the named plaintiff.'" *Janson v. LegalZoom.com, Inc.*, 271 F.R.D. 506, 510-11 (W.D. Mo. 2010) (quoting *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995)). The Court finds that Plaintiff has satisfied the typicality requirement because Plaintiff's claim is similar to the claims of the class members.

*4. Adequacy*

Finally, Rule 23(a) requires that the representative party "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Two components comprise the adequacy requirement: "(1) there is no antagonistic interest between the named

plaintiff and the class members, and (2) the plaintiff's counsel are competent to conduct the litigation." *Linquist v. Bowen*, 633 F. Supp. 846, 859. "The purpose of the adequacy requirement is to ensure that there are no potential 'conflicts of interest between the named parties and the class they seek to represent.'" *Janson*, 271 F.R.D. at 511 (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Plaintiff asserts that there are no antagonistic interests between Plaintiff and the class members because "in pursuing this litigation, the named Plaintiff has put the interests of the class above its own interests by pursuing the case on behalf of the class, instead of quickly recovering its own damages." Plaintiff's Suggestions in Support (Doc. #39) at 7. Further, Plaintiff argues its counsel is competent to conduct the litigation because they have experience in litigating complex tort cases and have experience in the area of telecommunications law. Defendant Roscoe argues that the results of Plaintiff's counsel's prior TCPA class action cases will show that the class members are not adequately represented. However, beyond this bald assertion, Defendant does not point to specific instances of inadequacy of Plaintiff's representation. Plaintiff has met its burden of establishing the adequacy of representation under Rule 23(a).

### B. Rule 23(b) is not satisfied

Plaintiff seeks to certify this class pursuant to Rule 23(b)(2) and Rule 23(b)(3). However, 23(b)(3) is only to be used as an alternative to 23(b)(1) and (2), "in order to avoid inconsistent adjudication or a compromise of class interests." *Reynolds v. Nat'l Football League*, 584 F.2d 280, 284 (8th Cir. 1978). Therefore, the Court first considers Plaintiff's arguments for certification under Rule 23(b)(2).

### *1. Rule 23(b)(2)*

Certification under Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

6

Certification under Rule 23(b)(2) is not appropriate where there are claims for monetary relief. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2557 (2011). The Court finds that Rule 23(b)(2) requirements are not satisfied because Plaintiff's claims are for monetary relief.

*2. Rule 23(b)(3)*

Plaintiff argues that the class should be certified under Rule 23(b)(3) because predominance and superiority exists. The Court disagrees.

"The predominance requirement explicitly requires a comparison between common issues and individual issues in order to ascertain whether the common issues predominate, and thus requires the Court to identify the common issues and the individual issues presented by the case." *In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litigation*, 276 F.R.D. 336, 340 (W.D. Mo. 2011). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 346 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997)).

In this case, there are numerous individual factual issues, including: (1) whether each individual facsimile was solicited or unsolicited; and (2) whether each facsimile recipient had an established business relationship with Defendants. Resolving these individual issues in a single forum would require an abundant amount of time and resources. In contrast, the common factual issues are relatively easy to prove. However, these common issues do not predominate over the individual issues. The Court concludes that predominance has not been established.

The Court also finds that superiority has not been established because: (1) effective notice cannot be provided; and (2) it is not desirable to concentrate the litigation in this forum. Notice must be "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). "Rule 23(e) provides that notice must be given 'in such manner as the court

directs,'" thus, "the mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975). Individual notice should be given to those whose names and addresses are known, and for those who are not known, publication is sufficient. *See Mullane*, 339 U.S. at 317-18. However, "[n]otice by publication is a poor and sometimes a hopeless substitute for actual service of notice. Its justification is difficult at best." *Grunin*, 513 F.2d at 121 (quoting *New York v. New York, N.H. & H. R.R.*, 344 U.S. 293, 296 (1953)).

In this case, there is no particular reason to believe that notification by publication will be sufficient. Plaintiff has only provided an invoice indicating the alleged quantity of faxes sent by Defendants. The invoice does not include the identities of the recipients, the recipients' fax numbers or mailing addresses, nor does Plaintiff provide the source of numbers selected to receive the fax. Plaintiff is unable to provide individual notice to any of the class members, thus resorting to publication for *all* class members. In this Court's experience, publication is an ineffective method of providing notice and the Court believes publication will be inadequate in this case. There is no information indicating the geographic area or any other basis for believing class members are likely to observe a notice placed in any particular publication.

The Court also finds it undesirable to concentrate the litigation in this forum. Defendants are a Connecticut limited liability company and an individual residing in the State of Connecticut. Plaintiff, a law firm in Missouri, was one single recipient of the 105,826 facsimiles allegedly sent by Defendant in March of 2010. Plaintiff provides no information identifying the other recipients, or their geographical location. There is no indication whether that other recipients of the facsimiles also reside in Missouri, whether a majority of them are concentrated elsewhere in a location closer to Defendants, or whether the class members are located throughout the country. There is no reason for the litigation to be here, given the minimal connection to this state. Moreover, concentration in this forum is undesirable because it is unlikely that class members will travel great distances to present proof on the individual issued—particularly in light of the $500 statutory damages. This Court finds that Plaintiff's proposed class is

8

unmanageable, and, thus, not a superior method of adjudication under Rule 23(b)(3).

IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Class Certification (Doc. #38) is denied. Plaintiff and Defendant Roscoe are directed to file a Joint Proposed Scheduling Order on or before October 29, 2012, that includes deadlines for completing discovery, filing dispositive motions, and an anticipated length of trial.

IT IS SO ORDERED.

DATE: October 15, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT